

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

| | |
|---|---|
| IN RE:<br><br>MYRA SUE KEATON,<br><br>               Debtor. | CASE NO. 5:26-bk-50006<br><br>CHAPTER 13<br><br>JUDGE B. MCKAY MIGNAULT |
| MYRA SUE KEATON,<br><br>               Plaintiff,<br><br>v.<br><br>JEYECO, LLC,<br><br>               Defendant. | ADVERSARY PROCEEDING<br>CASE NO. 5:26-ap-05002 |

## MEMORANDUM OPINION AND ORDER

Pending is the *Motion of Defendant, Jeyeco, LLC to Dismiss the Complaint as Filed and Served* [dkt. 7] (the "Motion"), filed by Defendant Jeyeco, LLC (the "Defendant"), and the response in opposition thereto [dkt. 12] (the "Response") filed by Plaintiff Myra Sue Keaton (the "Debtor"). A hearing was held on the Motion on July 9, 2026 (the "Hearing"), at which the Court heard argument and took the Motion under advisement. All briefing having been completed, the matter is now ripe for adjudication. For the reasons stated herein, the Motion is **DENIED**.

### BACKGROUND

The Debtor's adversary complaint [dkt. 1] (the "Complaint") alleges as follows. The Defendant is "the holder, servicer, and/or entity presently asserting rights" pursuant to a mortgage loan for which the Debtor is the borrower. Compl. ¶ 14. According to the Complaint,

the Defendant assessed a $70.00 delinquency charge on the mortgage at least fifty-nine times. *Id.* ¶ 2. The Complaint alleges that this practice violated West Virginia Code § 46A-2-128(d), which prohibits the collection of delinquency charges unless expressly authorized by statute or regulation. *Id.* ¶ 4. According to the Debtor, no statute or regulation permitted the Defendant to charge a $70.00 late fee on the mortgage loan. *Id.* ¶ 5. Instead, the Debtor alleges that West Virginia law caps late fees at $30.00. *Id.* (citing W. Va. Code § 46A-3-112).

The Debtor filed a Chapter 13 bankruptcy petition in this Court on January 26, 2026. *Id.* ¶ 17. Thereafter, the Defendant filed proofs of claim, which included the allegedly unlawful delinquency charges. *Id.* ¶¶ 19-22.

The Complaint asserts three counts. The first count, entitled "objection to claim and/or determination of amount of claim," requests the Court sustain the Debtor's claim objection and determine the allowed amount of the Defendant's claim, cure arrearage, and value of the subject property. *Id.* ¶¶ 29-39. The Debtor's second count seeks actual damages, statutory penalties, attorney's fees, and expenses under sections 46A-2-124, 125, 127, and 128 of the West Virginia Consumer Credit and Protection Act ("WVCCPA") for the allegedly unlawful collection of delinquency charges. *Id.* ¶¶ 40-55. The third count seeks declaratory relief establishing the amount of the Defendant's allowed claim and cure arrearage and excluding the allegedly unlawful delinquency charges. *Id.* ¶¶ 56-59.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal where the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss, the complaint must contain sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009). "When evaluating a motion to dismiss, the court must: (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff." *City of Fairmont v. Chrisite (In re Comvest Ltd., Inc.)*, Adv. No. 13-AP-41, No. 10-BK-838, 2014 Bankr. LEXIS 5073, at \*5, 2014 WL 7330486, at \*2 (Bankr. N.D.W. Va. Dec. 18, 2014). "The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the claim." *Id.*, 2014 Bankr. LEXIS 5073, at \*5-6, 2014 WL 7330486, at \*2.

On a Rule 12(b)(6) motion, courts are limited to considering the sufficiency of allegations in the complaint and the "documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment." *Zak v Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). "Consideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Id.* at 606-07 (cleaned up).

## DISCUSSION

### 1. The Complaint sufficiently alleges that the WVCCPA applies to the Defendant.

The Defendant moves to dismiss the Debtor's claims under Rule 12(b)(6), arguing that the WVCCPA is inapplicable to it. More specifically, the Defendant argues that the Debtor's Complaint fails to satisfy the statutory definitions contained in sections 46A-1-102(12), (13), and (15) of the WVCCPA. *See* § 46A-1-102(12) (defining "[c]onsumer" as "a natural person who incurs debt pursuant to a consumer credit sale or a consumer loan, or debt or other obligations

pursuant to a consumer lease"); § 46A-1-102(13)(a) (defining, in relevant part, "consumer credit sale" as "a sale of goods, services or an interest in land in which . . . [c]redit is granted either by a seller who regularly engages as a seller in credit transactions of the same kind or pursuant to a seller credit card"); § 46A-1-102(15) (defining, in relevant part, "[c]onsumer loan" as "a loan made by a person regularly engaged in the business of making loans"). According to the Defendant, the Debtor is not a "consumer," and the Defendant is not a creditor "who regularly engages as a seller in credit transactions" or is "regularly engaged in the business of making loans." On that basis, the Defendant argues it cannot be liable under section 46A-3-112—the portion of the WVCCPA which caps late fees on "precomputed consumer credit sales or consumer loans" at $30.00. *See* § 46A-3-112(1) ("With respect to a precomputed *consumer credit sale* or *consumer loan* . . . the parties may contract for a delinquency charge on any installment not paid in full within ten days after its scheduled due date in an amount not exceeding the greater of: (a) Five percent of the unpaid amount of the installment, not to exceed $30 . . . ." (emphasis added)).

At bottom, the Defendant's argument misapprehends the nature of the Debtor's claims. The Debtor does not assert a cause of action under section 46A-3-112 of the WVCCPA. Rather, the Complaint alleges violations of sections 46A-2-124, 125, 127, and 128, each of which regulate debt collection conduct. Compl. ¶¶ 29-59; *see* § 46A-2-124 ("No debt collector shall collect or attempt to collect any money alleged to be due and owing by means of any threat, coercion or attempt to coerce."); § 46A-2-125 ("No debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another."); § 46A-2-127 ("No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers."); § 46A-2-128 ("No debt collector may use unfair

4

or unconscionable means to collect or attempt to collect any claim.").  These causes of action are contained in Article 2 of the WVCCPA, which governs debt collection practices.  Section 46A-3-112, by contrast, is contained within Article 3 of the WVCCPA, and governs consumer credit sales and consumer loans.  Sections 46A-2-124, 125, 127, and 128 do not contain language conditioning liability on a violation of section 46A-3-112, and the Defendant has cited no authority imposing such a requirement.  Accordingly, the Defendant's argument fails to the extent it asserts that the WVCCPA requires an antecedent violation of section 46A-3-112 before maintaining claims under Article 2.

Section 46A-3-112 is, however, relevant for a limited purpose: to support the Debtor's argument that a late fee of $70.00 was not expressly authorized by statute, thus violating section 46A-2-128.  Section 46A-2-128, which forbids unfair or unconscionable means to collect a debt, prohibits "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is *expressly authorized* by the agreement creating or modifying the obligation *and by statute or regulation*."  § 46A-2-128(d) (emphasis added).  The Debtor's theory is that section 46A-3-112 only authorizes a late fee of $30.00 and that, as a result, the $70.00 late fee charged by the Defendant could not have been "expressly authorized" by statute.  The fact that the WVCCPA caps late fees at $30.00, however, does not mean that a violation of section 46A-3-112 is a prerequisite to the Debtor's claims under Article 2.

The Defendant's argument also fails to the extent it contends that the Complaint does not adequately allege that the Debtor is a "consumer" or that the debt is a "claim" under the WVCCPA.  Article 2 of the WVCCPA contains its own set of definitions.  *See* § 46A-2-122(a) (defining "[c]onsumer" as "any natural person obligated or allegedly obligated to pay any debt and

5

includes any duly appointed personal representative of the estate of a natural person obligated or allegedly obligated to pay any debt"); § 46A-2-122(b) (defining "[c]laim" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment"). The Complaint alleges that the Debtor is a consumer and that the Defendant claims she is obligated to pay the underlying debt, and the Defendant concedes that the debt arose in connection with property occupied by a family member of the Debtor. *See* Compl. ¶ 16; *Memorandum in Support of Motion to Dismiss* [dkt. 7-1] ("Def.'s Mem.") at 2 (stating that "the occupant of the real property in question is . . . Ryan Hayhurst" who "is or was related to the Debtor by marriage"). The Defendant appears to argue that the Debtor cannot be a "consumer" because she did not reside in the property, but the Defendant again cites no authority for this proposition. Additionally, the Court cannot consider the Defendant's purported factual assertions concerning the use of the property at the motion to dismiss stage. *See infra* at 6-7. For these reasons, the Defendant has not shown that the Complaint fails to plausibly allege that the Debtor is a "consumer" or that the debt is a "claim" under the WVCCPA.

**2. The Court declines to consider extrinsic documents attached to the Motion.**

In support of its argument that the WVCCPA is inapplicable, the Defendant attaches more than 70 pages of exhibits, including, for example, copies of rental checks and tax records. *See Def.'s Mem.* at 6-81. The Defendant also attaches an affidavit in which its manager, John L. Eye, states that the Defendant has not "regularly engaged as a seller in credit transactions" or "regularly engaged in the business of making loans." *Affidavit* [dkt. 7-2] at 1. The Motion provides no basis for the Court's consideration of these extrinsic documents at the motion to

6

dismiss stage, and the Court will not make arguments for the Defendant. *See Neff v. Columbia Gas Transmission, LLC*, No. 5:14CV107, 2014 U.S. Dist. LEXIS 150019, at \*4 n.3, 2014 WL 5365294, at \*1 n.3 (N.D.W. Va. Oct. 21, 2014) ("It is not this Court's obligation to do the research or make arguments for the parties." (cleaned up)).  Indeed, a court errs when it considers affidavits and exhibits submitted by a defendant in ruling on a Rule 12(b)(6) motion to dismiss when, as here, the documents are neither attached nor integral to the complaint.  *See Zak*, 780 F.3d at 606; *Friedl v. City of New York,* 210 F.3d 79, 83-84 (2d Cir. 2000) (holding that "a district court errs when it considers affidavits and exhibits submitted by defendants . . . or relies on factual allegations contained in legal briefs or memoranda . . . in ruling on a 12(b)(6) motion to dismiss"); *Williams v. Gyrus ACMI, Inc.*, 790 F. Supp. 2d. 410, 417 (D. Md. 2011) ("The affidavit is neither attached nor integral to the complaint, so it cannot be considered on a motion to dismiss under Rule 12(b)(6).").  As such, the Court declines to consider the extrinsic documents attached to the Defendant's Motion.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Motion is **DENIED**.

**It is so ORDERED.**

7